IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
March 4, 2015 Session

## MICHELLE RYE ET AL. v. WOMEN'S CARE
## CENTER OF MEMPHIS, MPLLC ET AL.

**Appeal by Permission from the Court of Appeals, Western Section
Circuit Court for Shelby County
No. CT00092009    Gina C. Higgins, Judge**

**No. W2013-00804-SC-R11-CV – Filed October 26, 2015**

JEFFREY S. BIVINS, J., concurring.

I concur in all respects with the excellent opinion in this case authored by Justice Clark. I write separately solely to address from a somewhat different perspective some of the points raised by the dissent. The dissent claims that Hannan v. Alltel Publishing Co., 270 S.W.3d 1 (Tenn. 2008) simply "refined" the summary judgment standard adopted by this Court dating back to 1993 in Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993). Based in part upon my first-hand experiences in the trenches as a trial court judge, I beg to differ.

The Hannan opinion was filed on Friday, October 31, 2008. At that point in time, I was serving as a trial court judge in the 21st Judicial District. Prior to Hannan, the great majority of trial court judges interpreted Byrd to be consistent with the federal standard. Thus, upon review of Hannan, it became immediately apparent that, rather than representing a "refinement" of Byrd, Hannan represented a sea change in summary judgment jurisprudence in this State. Indeed, these ramifications manifested themselves merely three days later on my civil motions docket on Monday, Nov. 3, 2008. That docket contained five motions for summary judgment. As a result of Hannan, I granted one motion and denied the other four motions. Had I applied the Byrd standard, at least as interpreted by most trial court judges at that time, I would have granted summary judgment in two of the four cases in which I denied the motion. Indeed, the one case in which I did grant summary judgment was a case that was submitted on stipulated facts.

Moreover, to the extent that there was any remaining flicker in the flame of hope that Hannan merely represented a "refinement" of Byrd, this Court extinguished that flicker with the force of an open hydrant in its decisions two years later in the cases of Gossett v. Tractor Supply Co., 320 S.W.3d 777 (Tenn. 2010), and Kinsler v. Berkline, LLC, 320 S.W.3d 796 (Tenn. 2010). As the majority opinion points out, in Gossett and

<u>Kinsler</u>, the Court abandoned the long-standing burden-shifting procedure set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) that had been applied at the summary judgment stage in employment discrimination and retaliation cases. The Court specifically held that "the <u>McDonnell Douglas</u> framework is inapplicable at the summary judgment stage *because it is incompatible with Tennessee summary judgment jurisprudence*." <u>Gossett</u>, 320 S.W.3d at 785 (emphasis added). Thus, <u>Gossett</u> and <u>Kinsler</u> fully confirmed that <u>Hannan</u>, indeed, constituted a radical departure from prior summary judgment jurisprudence.

The dissent also contends that <u>Hannan</u> is not unworkable because we "have produced [no] data whatsoever indicating a significant decrease in the percentage of summary judgments granted after <u>Hannan</u>." Of course there is no such data because that information is not collected at the trial court level. Additionally, any attempt to compile such data from a review of appellate decisions is not helpful. Appeals from denials of motions for summary judgment are extremely rare and can only be accomplished by interlocutory appeals under Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure. Thus, any such data derived from appellate court opinions is meaningless in measuring the impact of <u>Hannan</u>.

Finally, I must state that the dissent's separation of powers argument is rather baffling, at best. If those of us joining in the majority opinion in this case intended to "surrender[] the constitutional authority of this Supreme Court," would not it have been much easier to avoid this case and simply affirm the constitutionality of Tennessee Code Annotated section 20-16-101 in an ultimate constitutional challenge to that statutory provision? Instead, to the contrary, we have chosen to stake out our constitutional duty to interpret our rules irrespective of the legislature's action. Indeed, rather than the federal standard adopted today "appear[ing] to be entirely consistent with section 20-16-101" as stated by the dissent, we may yet face a challenge to this constitutionally-suspect statute because of the specific language of that provision to determine if the two approaches are consistent.

 

 

_____
JEFFREY S. BIVINS, JUSTICE